## In re RENDE.
### No. 9458.

District Court, M. D. Pennsylvania.
July 23, 1937.

David P. Klinedinst, of York, Pa., for debtor.

George V. Hoover, of Harrisburg, Pa., for judgment creditor.

JOHNSON, District Judge.

The court has for disposition exceptions to the conciliation commissioner's findings that the debtor is not a farmer within the meaning of section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203) and that the petition under 75 was not filed in good faith.

The report of the conciliation commissioner stated: "Your Conciliation Commissioner is of the opinion that the debtors were farmers within the meaning of section 75 during the years 1932–35. The testimony in this case, however, indicates that some five months before debtor's petition was filed in this proceeding, debtor offered all his farming equipment, stock and crops at public sale; and further that not since the fall of 1935 has debtor set out any farm crops. Debtor's own actions, therefore, clearly indicates that whatever may have been his status during 1932-35, at the time of the filing of his petition and for a long time prior thereto, he had by both intention and deed ceased to be a farmer. Witness his own statement on page 9 of the testimony that 'everything for sale if it bring the price.'"

The testimony shows that, by reason of the public sale held by the debtor and by reason of the debtor's own acts, he was not a farmer within the meaning of section 75 of the Bankruptcy Act. Prior to his filing his petition, the debtor had sold all his horses, cattle, hogs, crops, and farming implements. He did no plowing and set out no crops in 1936. At the time of filing the petition, all that the debtor was raising was some garden vegetables for his own consumption. Since 1933 he has been operating a shoe repairing shop in Harrisburg, Pa. Under these circumstances the conciliation commissioner properly found that the debtor was not a farmer.

In view of the conclusion that the debtor is not a farmer, the exception to the finding that the debtor's petition was not filed in good faith requires no discussion.

And now, July 23, 1937, the debtor's petition under section 75 of the Bankruptcy Act is dismissed and the order of this court, dated December 17, 1936, restraining the confirmation of the sale of debtor's property, is vacated.